**ORIGINAL**



1  Robert R. Pohls (California Bar #131021)
2  Jason G. Gong (California Bar #181298)
   Stacey L. Leask (California Bar #238281)
   **POHLS & ASSOCIATES**
3  12657 Alcosta Boulevard, Suite 150
   San Ramon, California 94583
4  Telephone: (925) 973-0300
   Facsimile: (925) 973-0330
5
   Attorneys for Defendant
6  **Lincoln Heritage Life Insurance Company**

7

8                        **UNITED STATES DISTRICT COURT**

9                        **NORTHERN DISTRICT OF CALIFORNIA**

10
   RITA ROXAS,                                    Case No.
11
                    Plaintiff,                    **NOTICE OF REMOVAL OF CIVIL ACTION**
12                                                **TO THE UNITED STATES DISTRICT COURT**
        vs.
13
   LINCOLN HERITAGE LIFE INSURANCE CO.
14 and DOES 1 to 15,

15               Defendants.

16

17 TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF

18 CALIFORNIA:

19      PLEASE TAKE NOTICE that defendant Lincoln Heritage Life Insurance Company

20 ("Lincoln Heritage") hereby removes this action to the United States District Court for the

21 Northern District of California, on the grounds set forth below:

22      1. On July 6, 2007, an action was commenced in the Superior Court of the State of

California, County of San Mateo, entitled *Rita Roxas, Plaintiff v. Lincoln Heritage Life

Insurance Co. and Does 1 to 15, Defendants*, as Case No. CIV 464264 (the "Action").  A copy

of the complaint in the Action is attached to this notice as Exhibit 1.

      2. The first date upon which Lincoln Heritage received a copy of the complaint in the

Action was July 18, 2007, when its registered agent for service of process received a copy of

the complaint and copies of the following other documents from the Action:  summons;

1  declaration for assignment to Northern Branch; notice of case management conference; case

2  management statement (blank); stipulation and order to appropriate dispute resolution; ADR

3  stipulation and evaluation instructions; Division II of the San Mateo County Superior Court's

4  2004 local rules; CourtCall telephonic appearance instructions; and request for CourtCall

5  telephonic appearance.

6      3. Copies of the documents from the Action that Lincoln Heritage's registered agent for

7  service of process received with the complaint from the Action on July 18, 2007 are collectively

8  attached to this notice as Exhibit 2.

9      4. The Action is a civil action of which this Court has original jurisdiction under 28

10  U.S.C. Section 1332(a)(1) and therefore one which may be removed to this Court pursuant to

11  the provisions of 28 U.S.C. Section 1441(a).

12      5. Lincoln Heritage is informed and believes, and on that basis alleges, that plaintiff is

13  (and at all times mentioned in the complaint was) a citizen of the State of California and

14  resident of San Mateo County, California.

15      6. Lincoln Heritage is a corporation, organized and existing under the laws of the State

16  of Illinois and having its executive offices in the State of Arizona.

17      7. Pursuant to 28 U.S.C. Section 1441(a), the citizenship of the fictitiously named

18  defendants identified in the complaint as defendants Does 1 to 15 should be disregarded for

19  the purposes of determining whether jurisdiction exists under 28 U.S.C. Section 1332(a).

20      8. The amount in controversy in the Action exceeds the minimum jurisdictional amount

21  of \$75,000.00, exclusive of interest and costs. In that regard, plaintiff purports to state claims

22  for breach of contract and for breach of the implied covenant of good faith and fair dealing.  In

23  connection with those claims, the complaint prays for damages in the amount of \$7,595.00,

24  unspecified attorney fees, and exemplary damages in the amount of \$3,000,000.00.

25  *Complaint,* ¶¶BC-4, BC-5 and EX-3.

26      9. Under 28 U.S.C. Section 1441(a), venue is proper within the Northern District of

27  California because the Action was pending in the California Superior Court in and for the

28  County of San Mateo at the time of its removal. Venue also is proper within the Northern

NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT

Page 2

1  District of California because Lincoln Heritage does business within this jurisdiction. Lincoln

2  Heritage also is informed and believes, and on that basis alleges, that venue also is proper

3  within the Northern District of California because plaintiff is (and at all times alleged in the

4  complaint was) a citizen and resident of San Mateo County, California.

5      10.  No other defendants have been served with the summons and complaint in the

6  Action.

7      11.  A notice of filing this notice of removal and/or notice of stay of proceedings is/are

8  concurrently being filed with the Superior Court of the State of California, County of San Mateo

9  and is/are concurrently being served on plaintiff.

10

11                                **POHLS & ASSOCIATES**

12

13

14                                Robert R. Pohls
                                  Jason G. Gong
15                                Stacey L. Leask
                                  Attorneys for Defendant
16                                **Lincoln Heritage Life Insurance Company**

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

3

*Rita Roxas v. Lincoln Heritage Life Insurance Co., et al.*
*San Mateo County Superior Court Case No. CIV-464264*
*U.S. District Court, Northern District of California, Case No.* (not yet assigned)

4

5

6

I, Robert R. Pohls, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On August 3, 2007, I caused the following document(s) to be served:

7

8

9

### NOTICE OF REMOVAL OF CIVIL ACTION
### TO THE UNITED STATES DISTRICT COURT

10

11

12

13

14

◉    in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

15

16

17

Kevin C. McDonough, Esq.
19 Commerce Street
Clinton, Connecticut 06413

18

19

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 3, 2007, at San Ramon, California.

20

21

22

_____
Robert R. Pohls

23

24

25

26

27

28

**NOTICE OF REMOVAL OF CIVIL ACTION**
**TO THE UNITED STATES DISTRICT COURT**                                                    Page 4

# EXHIBIT 1

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>KEVIN C. McDONOUGH  SBN 99944<br>19 Commerce St.<br>Clinton, CT  06413-2054 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO:  860-669-7110      FAX NO. *(Optional)*:  860-669-7146
E-MAIL ADDRESS *(Optional)*:   mcdonoughkevin@hotmail.com
ATTORNEY FOR *(Name)*:   Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS:   1050 Mission Rd.
MAILING ADDRESS:  South San Francisco, CA  94080
CITY AND ZIP CODE:
BRANCH NAME:   Northern

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 0 6 2007

Clerk of the Superior Court
By __MARIA SALAZAR__
DEPUTY CLERK

PLAINTIFF:  RITA ROXAS

DEFENDANT:  LINCOLN HERITAGE LIFE INSURANCE CO.,

[✓] DOES 1 TO 15

|  | **CONTRACT** |  |
|---|---|---|
| [✓] **COMPLAINT** | [ ] **AMENDED COMPLAINT** *(Number)*: | |
| [ ] **CROSS-COMPLAINT** | [ ] **AMENDED CROSS-COMPLAINT** *(Number)*: | |

Jurisdiction *(check all that apply)*:
[ ] **ACTION IS A LIMITED CIVIL CASE**
  **Amount demanded**  [ ] **does not exceed $10,000**
              [ ] **exceeds $10,000 but does not exceed $25,000**
[✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
    [ ] **from limited to unlimited**
    [ ] **from unlimited to limited**

CASE NUMBER:

CIV  464254

1.  **Plaintiff*** *(name or names)*:
    RITA ROXAS

    alleges causes of action against **defendant*** *(name or names)*:
    LINCOLN HERITAGE LIFE INSURANCE CO.
2.  This pleading, including attachments and exhibits, consists of the following number of pages: 5
3.  a.  Each plaintiff named above is a competent adult
        [ ] **except plaintiff** *(name)*:
            (1) [ ] a corporation qualified to do business in California
            (2) [ ] an unincorporated entity *(describe)*:
            (3) [ ] other *(specify)*:

    b. [ ] Plaintiff *(name)*:
        a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

        b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
    c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4.  a.  Each defendant named above is a natural person
        [✓] **except defendant** *(name)*: Lincoln Heritage Life
            (1) [ ] a business organization, form unknown
            (2) [✓] a corporation
            (3) [ ] an unincorporated entity *(describe)*:

            (4) [ ] a public entity *(describe)*:

            (5) [ ] other *(specify)*:

        [ ] **except defendant** *(name)*:
            (1) [ ] a business organization, form unknown
            (2) [ ] a corporation
            (3) [ ] an unincorporated entity *(describe)*:

            (4) [ ] a public entity *(describe)*:

            (5) [ ] other *(specify)*:

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

American LegalNet, Inc.
www.FormsWorkflow.com

**PLD-C-001**

| SHORT TITLE: ROXAS VS. LINCOLN HERITAGE | CASE NUMBER: 464264 |

4. *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

       (1) ☑ Doe defendants *(specify Doe numbers):* 11-15 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

       (2) ☑ Doe defendants *(specify Doe numbers):* 1-10 _____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

    a. ☐ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

    a. ☑ a defendant entered into the contract here.

    b. ☐ a defendant lived here when the contract was entered into.

    c. ☐ a defendant lives here now.

    d. ☑ the contract was to be performed here.

    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☐ real property that is the subject of this action is located here.

    g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☑ Breach of Contract

    ☐ Common Counts

    ☑ Other *(specify):*

       Tort - Breach of Implied Covenant of Good Faith and Fair Dealing (Bad Faith)

9. ☑ Other allegations:

    Exemplary Damages

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☑ damages of: $ 7,595.00

    b. ☑ interest on the damages

       (1) ☐ according to proof

       (2) ☑ at the rate of *(specify):* 10 percent per year from *(date):* 3/13/2007

    c. ☑ attorney's fees

       (1) ☐ of: $

       (2) ☑ according to proof.

    d. ☑ other *(specify):*

    Exemplary Damages

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

    All

Date: July 1, 2007

KEVIN C. McDONOUGH

(TYPE OR PRINT NAME)                   ►                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| | PLD-C-001(1) |
|---|---|
| SHORT TITLE: | CASE NUMBER: |
| ROXAS VS. LINCOLN HERITAGE | 4 6 4 2 5 4 |

**FIRST**                    **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):*  RITA ROXAS

        alleges that on or about *(date):*  MARCH 8, 2005

        a  [✓] written   [ ] oral   [ ] other *(specify):*
        agreement was made between *(name parties to agreement):*
        RITA ROXAS and LINCOLN HERITAGE LIFE INSURANCE CO.

        [✓] A copy of the agreement is attached as Exhibit A, or
        [ ] The essential terms of the agreement   [ ] are stated in Attachment BC-1   [ ] are as follows *(specify):*

BC-2.  On or about *(dates):*  APRIL 16, 2007
        defendant breached the agreement by   [ ] the acts specified in Attachment BC-2   [✓] the following acts
        *(specify):*

        REFUSING TO PAY DEATH BENEFIT TO PLAINTIFF FOR INSURED MANUEL ROXAS

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
        excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
        [ ] as stated in Attachment BC-4   [✓] as follows *(specify):*
        PLAINTIFF HAS BEEN DAMAGED MONETARILY IN THE SUM OF THE DEATH
        BENEFIT - $7,795.00

BC-5.  [✓]   Plaintiff is entitled to attorney fees by an agreement or a statute
        [ ] of $
        [✓] according to proof.
BC-6.  [ ]   Other:

Page _____ 3

Page 1 of 1

**CAUSE OF ACTION—Breach of Contract**

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROXAS VS. LINCOLN HERITAGE | 464254 |

SECOND _____      **CAUSE OF ACTION—Intentional Tort**      Page ___4___
(number)

ATTACHMENT TO  ☑ Complaint      ☐ Cross - Complaint

(Use a separate cause of action form for each cause of action.)

T-1. Plaintiff (name):  RITA ROXAS

alleges that defendant (name):  LINCOLN HERITAGE LIFE INSURANCE CO.

☑ Does 1 _____ to  15 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on (date) APRIL 16, 2007
at (place) SO. SAN FRANCISCO, CALIFORNIA

(description of reasons for liability):

a. California law implies a covenant of good faith and fair dealing (GFFD) in all contracts entered into between parties in the State of California.
b. Defendant LINCOLN accepted an application for life insurance from plaintiff on the life of her brother Manuel Roxas on March 8, 2005, along with a check for the first month's premium in the amount of $66.60. Defendants then approved the policy on March 11, 2005. The check was sent to defendant's bank on that date and was deposited on March 14, 2005. Manuel Roxas died on 3/13/07.
c. Despite accepting a premium from plaintiff, approving the policy, and negotiating a check for the premium, defendants issued a policy on the life of Manuel Roxas effective April 5, 2005.
d. When plaintiff made a claim for death benefits under the contract, defendants denied the claim, asserting that Manuel Roxas died within 2 years of the issuance of the policy, although said policy actually was is force when defendants accepted the premium from plaintiff on 3/8/2005, or most certainly was in force on 3/11/2005 when defendant's home office accepted the check and the application. There were no conditions precedent to the issuance of the policy such as a medical examination.
e. As a result of the above actions of defendant, defendant has wrongfully and in bad faith violated the implied covenant of GFFD contained in the life insurance contract at issue herein, and as a result plaintiff has suffered grievous damages and is entitled to damages as prayed.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROXAS VS. LINCOLN HERITAGE | 4 6 4 2 6 4 |

## Exemplary Damages Attachment          Page _____ 5 _____

ATTACHMENT TO    [✓] Complaint    [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):*
LINCOLN HERITAGE LIFE INSURANCE CO.

Plaintiff alleges defendant was guilty of
[ ] malice
[✓] fraud
[✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendants accepted an application for life insurance and a month's premium from plaintiff on
March 8, 2005. Defendants then wrongfully and intentionally delayed "issuance" of the policy
until April 5, 2005. Defendants then in bad faith and with fraud and oppression denied plaintiff's
claim for death benefits claimed by plaintiff when the insured Manuel Roxas died on March 13,
2007.

EX-3. The amount of exemplary damages sought is
a. [ ] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [✓] $ 3,000,000.00

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LINCOLN HERITAGE LIFE INSURANCE CO., DOES 1-15

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RITA ROXAS

*04-113423*
*Rec'd @ CHUC*
*7/18/07*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUL 0 6 2007

Clerk of the Superior Court
By **MARIA SALAZAR**
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
County of San Mateo - Northern Branch
1050 Mission Rd., So. San Francisco, CA  94080

| CASE NUMBER: |
| --- |
| *(Número del Caso):* **464254** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEVIN C. McDONOUGH   SBN 99944      19 Commerce St., Clinton, CT  06413   860-669-7110

DATE:   JUL 0 6 2007   **JOHN C. FITTON**   Clerk, by **MARIA SALAZAR** , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* LINCOLN HERITAGE LIFE INSURANCE CO.

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date)* JULY _____, 2007

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Name: **Kevin C. McDonough**
**Attorney at Law**
Address: **19 Commerce St.**
**Clinton, CT 06413-2054**

Telephone: 860-669-7110

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 0 6 2007

Clerk of the Superior Court
By **MARIA SALAZAR**
DEPUTY CLERK

**BEFORE THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN MATEO**

In Re: _____

Plaintiff/Petitioner: RITA ROXAS

Defendant/Respondent: LINCOLN HERITAGE LIFE
INSURANCE CO.

No. 464254

DECLARATION FOR ASSIGNMENT

TO NORTHERN BRANCH

I, KEVIN C. McDONOUGH , hereby declare:

That I am the ATTORNEY FOR THE PLAINTIFF in the above entitled matter, and
that said matter may be properly assigned to the Northern Branch of the above-entitled
Court at South San Francisco, California, as provided in the Rules of the said Court, for
the following reason:

PLAINTIFF RITA ROXAS is a resident of the city of DALY CITY , within the

geographical boundaries of the Northern Branch.

I, declare under penalty of perjury that the foregoing is true and correct.

Executed on JULY 1, 2007 , at CLINTON ~~California~~
Connecticut.

_(signature)_

KEVIN C. McDONOUGH
_(print name)_

# NOTICE OF CASE MANAGEMENT CONFERENCE

**ENDORSED FILED**
SAN MATEO COUNTY

RITA ROKKS

Case No. CIV 464264

JUL 0 6 2007

Clerk of the Superior Court
By MARIA SALAZAR
DEPUTY CLERK

vs.

LINCOLN HERITAGE LIFE

Date: Nov. 9, 2007

Time: 9:00 a.m. , DEPT. 2

Dept. 24 – on Tuesday & Thursday
Dept. 21 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).

    b. **Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.**

    c. **File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)].** Failure to do so may result in monetary sanctions.

    d. **Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

    a. Referring parties to voluntary ADR and setting an ADR completion date;

    b. Dismissing or severing claims or parties;

    c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS:   **Superior Court of California**<br>MAILING ADDRESS:  **County of San Mateo**<br>CITY AND ZIP CODE:  **400 County Center**<br>BRANCH NAME:    **Redwood City, CA 94063-1655** |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):**  ☐ **UNLIMITED CASE**     ☐ **LIMITED CASE**<br>(Amount demanded       (Amount demanded is $25,000<br>exceeds $25,000)        or less) | CIV  464264 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:            Time:           Dept.:         Div.:         Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☐ complaint    ☐ cross-complaint   *(describe, including causes of action):*

| FLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | 464264 |

0. d.    The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

# ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

## If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations
*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

## Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896.

For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at **http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.**

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

## ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **Information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available on-line.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**Information:** For ADR forms go to the local forms section of the court's website: www.co.sanmateo.ca.us/sanmateocourts/adr.htm. For more information contact the Multi-Option ADR Project, 400 County Center, Redwood City, CA 94063, (650) 363-1962 or (650) 599-1070; fax 650/599-1754

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| Superior Court of California, County of San Mateo<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                 ☐ Binding Arbitration (private)
☐ Neutral Evaluation                   ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**    ☐ Summary Jury Trial
☐Other: _____

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

---

ORIGINAL SIGNATURES

_____
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
☐Attorney for (Signature)

Attorney or Party without attorney

_____
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
☐Attorney for (Signature)

Attorney or Party without attorney

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____       _____
Type or print name of ☐Party without attorney            ☐Attorney for  (Signature)

[ ]Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney


_____       _____
Type or print name of ☐Party without attorney            ☐Attorney for  (Signature)

[ ]Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney


## IT IS SO ORDERED:


_____
DATE:                                JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

## CALIFORNIA RULES OF COURT AS SUPPLEMENTED HEREIN, GOVERN ALL LOCAL PROCEDURES

### DIVISION II
### COURT MANAGEMENT - SUPERIOR COURT

### CHAPTER 1.  FORM AND SERVICE OF PAPERS

Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 201.

(Adopted, effective July 1, 1996) ( Amended effective January 1, 2000.)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1:  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1, 2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

(d)    Filing and service of pleadings; exceptions.

    (1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

        (A)    A blank copy of the Judicial Council Case Management Statement;

        (B)    A copy of Local Rule 2.3;

        (C)    The Notice of Case Management Conference.

        If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

    (2)    Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

        (A)    A blank copy of the Judicial Council Case Management Statement;

        (B)    A copy of Local Rule 2.3;

        (C)    The Notice of Case Management Conference.

    (3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

        If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

    (4)    Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

    (5)    Exceptions for longer periods of time to serve or respond:

        (A)    Time to serve may be extended for good cause: Upon ex parte application to the court, in compliance with California Rule of Court 379(g), within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of

Superior Court of California, County ___ Mateo

(7)     Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

    (A)     An order referring the case to arbitration, mediation or other dispute resolution process;

    (B)     An order transferring the case to the limited jurisdiction of the superior court;

    (C)     An order assigning the case to a particular judge for all purposes;

    (D)     An order assigning a trial date;

    (E)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

    (F)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

    (G)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

    (H)     An order scheduling the exchange of expert witness information;

    (I)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

    (J)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

    (A)     Reference CRC, Rule 298

    (B)     Procedure.    Telephone appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

    (C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)    Stipulations to Private ADR

(1)    If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)    If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)    Following an appearance at a case management conference hearing, parties shall, within 21 calendar days, file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)    All parties and counsel shall participate in the ADR process in good faith.

(5)    To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)    In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)    Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)    Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

(1)    The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties which are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    · Notwithstanding the provisions of CRC 222(c), no later than five days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

    (A)    A statement of facts.

    (B)    The contentions of each party to the action regarding liability and damages.

    (C)    An itemized list of special damages.

    (D)    In any case in which personal injury is claimed:

        (i)    A description of the nature and extent of any injury claimed, including residuals.

        (ii)    A description of the basis for and method of calculation of any claimed wage loss.

    (E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b)    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby.

> (Adopted, effective January 1, 2000)

## Rule 2.7.1 Proposed Jury Instructions

(a)     In all jury trials, insofar as practicable, the instructions in BAJI and CALJIC shall be used. Specially prepared instructions may be refused if the subject matter is satisfactorily covered by BAJI or CALJIC instructions. This rule does not limit the right of counsel to submit additional instructions properly numbered in consecutive order that are not covered by BAJI and CALJIC; nor does it relieve counsel of the responsibility of making any necessary substantial modifications to the BAJI or CALJIC instructions.

(b)     The office of the court administrator will supply a numbered master list of all BAJI and CALJIC instructions maintained by the court. It is the responsibility of counsel in each case to submit a numbered list of proposed BAJI or CALJIC instructions as are needed at the commencement of trial. The office of the court administrator will then supply print-out copies of all BAJI or CALJIC instructions approved by the trial court.

(c)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

> (Amended, effective January 1, 2002)

## Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed BAJI or other instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strike-outs, insertions and modifications therein which are appropriate to the case. Counsel must give particular attention to the completion of all blank portions of BAJI 2.60 before submission to the trial judge. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

> (Adopted, effective January 1, 2000)

## Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609, CRC 517)

All proposed jury instructions, excepting BAJI instructions, shall conform to the requirements of CRC, rule 229, and § 5 of the Standards of Judicial Administration, including placing thereon the citations of authorities, indication of the party requesting the instructions and respects in which related BAJI instructions have been modified. Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In "Booklet Format" the text of the instruction is printed continuously on the page and may result in several instructions to the page. Such instructions may be accompanied by a table of contents.

> (Adopted, effective January 1, 2000)

# CHAPTER 5. GENERAL RULES

## Rule 2.8 Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

## Rule 2.9 Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set. No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

## Rule 2.10 Interpreters and Translators

a) Notice. When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record. That party shall make arrangements for the presence and the payment of the interpreter.

b) Qualifications. Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance. If the interpreter is an official court interpreter, no prior disclosure is required.

c) Relations or friends. Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

Rules 2.11 thru 2.19 (Reserved)

# CHAPTER 6. CIVIL TRIAL RULES

## Rule 2.20 Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
(1) Any in limine motions and response thereto;
(2) Any trial briefs;
(3) A concise non-argumentative statement of the case to be read to the jury; and
(4) A list of possible witness who may testify in the trial to be read to the jury panel by the court.

(Adopted, effective January 1, 2002)

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

| ATTORNEY OF RECORD (Name /Address, or   ax): | **DO NOT FILE WITH COURT** |
|---|---|
| State Bar No. _____ | **COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!!** |
| ATTORNEY FOR (Name): | |
| **San Mateo Superior Court** | |
| | **CASE NUMBER:** |
| | **JUDGE/DEPARTMENT:** |
| | **DATE AND TIME:** |
| | **NATURE OF HEARING:** |
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | |

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. **I UNDERSTAND THAT _I DIAL_ INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2. Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 if late filing is accepted) is paid as follows:

   ☐ Check  (copy faxed-write case # on check) payable to CourtCall. <u>DO NOT MAIL ORIGINAL</u>. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

   ☐ Charged to CourtCall Debit Account No.:_____

   ☐ Charged to VISA, MasterCard or American Express:

   | **TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO CourtCall, LLC:** |
   |---|
   | Credit Card:    O VISA    O MasterCard    O American Express: |
   | Credit Card Number: _____    Expiration Date:_____ |
   | To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be **faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN** with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card. |
   | Date: _____    Name on Card: |
   |                        Type Name                      Signature |

4. **Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated: _____    _____

                                             Signature