1  Robert R. Pohls (California Bar #131021)
   Jason G. Gong (California Bar #181298)
2  Stacey L. Leask (California Bar #233281)
   **POHLS & ASSOCIATES**
3  12657 Alcosta Boulevard, Suite 150
   San Ramon, California  94583
4  Telephone:  (925) 973-0300
   Facsimile:  (925) 973-0330
5
   Attorney for Defendant
6  **Lincoln Heritage Life Insurance Company**
7
8                    **UNITED STATES DISTRICT COURT**
9                    **NORTHERN DISTRICT OF CALIFORNIA**
10
11 | RITA ROXAS, | Case No. 07-cv-04000-BZ |
12 | Plaintiff, | **ANSWER TO COMPLAINT** |
13 | vs. | |
14 | LINCOLN HERITAGE LIFE INSURANCE CO. and DOES 1 to 15, | |
15 | | |
16 | Defendants. | |
17
18
19         Defendant Lincoln Heritage Life Insurance Company ("Lincoln Heritage"), for itself alone
20 and for no other person or entity, hereby answers the unverified complaint of plaintiff Rita
21 Roxas by admitting, denying and alleging as follows:
22
23                    **ANSWER TO GENERAL ALLEGATIONS**
24         1. Answering paragraph 1 of the complaint, Lincoln Heritage admits that it is named as
25 a defendant in plaintiff's complaint.  Except for that admission, Lincoln Heritage denies each
26 and every allegation in paragraph 1 of the complaint.
27         2. Answering paragraph 2 of the complaint, Lincoln Heritage admits that the complaint
28 consists of 5 pages.

3. Answering paragraph 3 of the complaint, Lincoln Heritage admits that plaintiff Rita Roxas is a competent adult.

4. Answering paragraph 4 of the complaint, Lincoln Heritage admits that it is a corporation, organized and existing under the laws of the State of Illinois and having its executive offices in the State of Arizona.  Answering the remaining allegations in paragraph 4 of the complaint, Lincoln Heritage states that it lacks sufficient information and belief about the matters alleged therein for an answer to be made.  Lincoln Heritage therefore denies each and every remaining allegation in paragraph 4 of the complaint on that ground and for that reason.

5. Answering paragraph 7 of the complaint, Lincoln Heritage admits that venue was proper within the San Mateo County (California) Superior Court, that the life insurance policy to which other portions of the complaint refers was entered into in San Mateo County, California, and that its obligations (if any) under that life insurance policy were to be performed in San Mateo County, California.

6. Answering paragraph 8 of the complaint, Lincoln Heritage admits that the complaint purports to state claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and exemplary damages.  Except for that admission, Lincoln Heritage denies each and every allegation in paragraph 8 of the complaint.

### ANSWER TO FIRST CLAIM FOR RELIEF

7. Answering paragraph BC-1 of the complaint, Lincoln Heritage admits that a written agreement was made on March 8, 2005, when it gave plaintiff Rita Roxas evidence of "Conditional Receipt Coverage" in exchange for a personal check she had written in the amount of $66.60.  Except for that admission, Lincoln Heritage denies each and every allegation in paragraph BC-1 of the complaint.

8. Answering paragraph BC-2 of the complaint, Lincoln Heritage denies each and every allegation set forth in paragraph BC-2 of the complaint.

///

///

9. Answering paragraph BC-3 of the complaint, Lincoln Heritage admits that the life insurance policy to which other portions of the complaint refers was in force on March 13, 2007 (the date of Manuel Roxas' death). Except for that admission, Lincoln Heritage denies each and every allegation in paragraph BC-3 of the complaint.

10. Answering paragraphs BC-4 and BC-5 of the complaint, Lincoln Heritage denies each and every allegation set forth in paragraphs BC-4 and BC-5 of the complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

11. Answering paragraph IT-1 of the complaint, Lincoln Heritage admits that: a) California law implies a covenant of good faith and fair dealing to exist in all contracts; b) Lincoln Heritage received a check from plaintiff Rita Roxas on March 8, 2005, in exchange for which it gave plaintiff Rita Roxas evidence of "Conditional Receipt Coverage;" c) on or about March 14, 2005, Lincoln Heritage negotiated the check it had received from plaintiff Rita Roxas on March 8, 2005 and in exchange for which it had given plaintiff Rita Roxas evidence of "Conditional Receipt Coverage;" d) Lincoln Heritage issued an insurance policy to insure the life of Manuel Roxas which became effective on April 5, 2005 and for which premiums thereafter were paid; e) Manuel Roxas died on March 13, 2007; f) when plaintiff Rita Roxas made a claim for benefits under the insurance policy it had issued to insure the life of Manuel Roxas, Lincoln Heritage explained that Manuel Roxas died within 2 years of the date on which the policy had become effective. Except for those admissions, Lincoln Heritage denies each and every allegation in paragraph IT-1 of the complaint.

## ANSWER TO EXEMPLARY DAMAGES ALLEGATIONS

12. Answering paragraphs EX-1 and EX-2 of the complaint, Lincoln Heritage denies each and every allegation in paragraphs EX-1 and EX-2 of the complaint.

///
///
///

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State a Claim for Relief)**

13. The complaint and the several purported causes of action therein fail to state a claim for relief against Lincoln Heritage.

### SECOND AFFIRMATIVE DEFENSE

**(No Policy in Effect Before April 5, 2005)**

14. On March 8, 2005, Lincoln Heritage gave plaintiff Rita Roxas evidence of "Conditional Receipt Coverage" in exchange for a personal check she had written in the amount of $66.60. That document expressly provided that any life insurance issued from the application for which it was given would take effect on the date of the application so long as, among other things, "The proposed insured's health represents a risk acceptable to the Company at the rate and in the amount stated in the application." Manuel Roxas' health did not represent a risk acceptable to Lincoln Heritage at the rate and in the amount stated in the application. Lincoln Heritage therefore declined to issue the life insurance policy as applied for and, instead, offered to issue a different policy which was to be effective April 5, 2005.

### THIRD AFFIRMATIVE DEFENSE

**(Policy Became Effective April 5, 2005)**

15. On March 8, 2005, Lincoln Heritage gave plaintiff Rita Roxas evidence of "Conditional Receipt Coverage" in exchange for a personal check she had written in the amount of $66.60. Among other things, that document expressly provided that "Coverage under any policy not issued as applied for . . . will not be in effect until said policy has been delivered during the lifetime of the insured and accepted by the applicant-owner." Manuel Roxas' health did not represent a risk acceptable to Lincoln Heritage at the rate and in the amount stated in the application. Lincoln Heritage therefore declined to issue the life insurance policy as applied for and, instead, offered to issue a different policy which was to be effective April 5, 2005. Plaintiff Rita Roxas accepted that policy on or after April 5, 2005.

### FOURTH AFFIRMATIVE DEFENSE
### (Full Payment of Policy Proceeds)

16. The insurance policy that Lincoln Heritage issued to insure the life of Manuel Roxas included an endorsement which, among other things, stated that it was "Attached to and made a part of policy number 0001134243 issued on 04/05/05" and that the death benefit under that policy "shall be as follows: 1st Year – 110% of premium; 2nd Year 120% of premium; 3rd Year and thereafter – 100% of face amount." Manuel Roxas died in the policy's second year, and Lincoln Heritage subsequently paid plaintiff Rita Roxas a benefit equal to 120% of the premiums paid for its policy number 000113243, plus interest. Lincoln Heritage therefore already has paid the policy's proceeds in full.

### FIFTH AFFIRMATIVE DEFENSE
### (No Liability Beyond Contract)

17. Some or all of the purported claims for relief in plaintiff's complaint must fail because, in life or disability insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto. Cal. *Ins. Code* §10111.

### SIXTH AFFIRMATIVE DEFENSE
### (Condition Precedent)

18. Lincoln Heritage is informed and believes, and on that basis alleges, that some or all of the purported claims for relief in plaintiff's complaint must fail because plaintiff failed to comply with one or more conditions precedent to the recovery of benefits under the Policy.

///
///
///
///
///

## SEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

19. Each and every action or statement made by Lincoln Heritage, to and with reference to plaintiff and/or Manuel Roxas, was a good faith assertion of Lincoln Heritage's rights and therefore was privileged.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

20. The complaint and the several purported causes of action therein are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

21. The complaint and the several purported causes of action therein are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Duty to Mitigate)

22. Plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize her damages, if any there were, and plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part or by expenditures that she might reasonably have made.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

23. The complaint and the several purported causes of action therein fail to state a claim for exemplary or punitive damages against Lincoln Heritage.

///

## TWELFTH AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

24.  Plaintiff's claim for exemplary or punitive damages is barred by the federal and state constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages as Violation of Constitutional Rights)**

25.  If it is found that California law applies to this action, the imposition of exemplary or punitive damages against Lincoln Heritage would violate the United States and California Constitutions, including but not limited to, the right of equal protection and due process provided by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 7 and 17 of the California Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Standards Governing Punitive Damages are Impermissibly Vague)**

26.  If it is found that California law applies to this action, actions such as this seeking the imposition of punitive damages are in violation of Lincoln Heritage's rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 7 of the California Constitution, because the standards governing the imposition of punitive damages are impermissibly vague, imprecise and inconsistent.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(California Civil Code is Invalid)**

27.  If it is found that California law applies to this action, California Civil Code section 3294, under which the plaintiff's punitive damages claim is apparently made, is invalid on its face or as applied to Lincoln Heritage pursuant to Article 1, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States

///

Constitution, and Article 1, Section 7, 9, 15, 17, and Article IV, Section 16 of the California Constitution.

WHEREFORE, defendant Lincoln Heritage Life Insurance Company prays for judgment as follows:

1. That plaintiff take nothing by reason of her complaint herein;
2. For its reasonable attorneys' fees and costs of suit incurred herein; and
3. For such other and further relief as the court may deem just and proper.

POHLS & ASSOCIATES

_____
Robert R. Pohls
Jason G. Gong
Stacey L. Leask
Attorney for Defendant
**Lincoln Heritage Life Insurance Company**

## PROOF OF SERVICE
### (F.R.C.P., Rule 5(b))

***Rita Roxas v. Lincoln Heritage Life Insurance Company, et al.***
***San Mateo County Superior Court Case No. CIV-464264***
***U.S. District Court, Northern District of California, Case No.*** 07-cv-04000-BZ

I, Stacey Leask, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On August 8, 2007, I caused the following document(s) to be served:

**ANSWER TO COMPLAINT**

[X] in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

[ ] in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above enclosed in a sealed envelope, with postage fully prepaid thereon, in the United States mail at Walnut Creek, California addressed as set forth below.

[ ] in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by having personally delivered a true copy of the document(s) listed above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth below.

[ ] by having a true copy of the document(s) listed above transmitted by facsimile to the person(s) at the facsimile number(s) set forth below before 5:00 p.m. The transmission was reported as complete without error by a report issued by the transmitting facsimile machine. A true and correct copy of the transmission report is attached hereto.

Kevin C. McDonough, Esq.
19 Commerce Street
Clinton, Connecticut 06413

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on August 8, 2007 at San Ramon, California.

_____
Stacey Leask

ANSWER TO COMPLAINT
CASE No. 07-cv-04000-BZ